IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

STEPHEN JOCK FARROW,

    Plaintiff,

v.                                                                                                      No. 1:17-cv-01098-JDB-egb

GIBSON COUNTY CORRECTIONAL
COMPLEX,

    Defendant.

ORDER DISMISSING COMPLAINT, DENYING CERTIFICATE OF APPEALABILITY,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

    This civil rights action was brought on May 24, 2017, by the *pro se* prisoner Plaintiff, Stephen Jock Farrow, against the Defendant, Gibson County Correctional Complex ("GCCC") in Trenton, Tennessee, the facility in which he was at the time incarcerated.[1] (Docket Entry ("D.E.") 1.) On June 7, 2017, the Court granted Farrow leave to proceed *in forma pauperis* and assessed the civil filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b) (the "PLRA"). (D.E. 5.)

    Plaintiff alleged in his complaint that he was beaten by another inmate in late February or early March of 2017,[2] which resulted in an injury to his shoulder. He was transported to a nearby clinic for evaluation and treatment and then returned to the GCCC. Thereafter, Plaintiff's requests for pain management and relief from emotional distress went unanswered. He was "repeatedly

---

[1] Farrow is now housed at Deberry Special Needs Facility in Nashville, Tennessee.

[2] The prisoner asserted in his pleading that the incident occurred on February 29, 2017. However, as 2017 was not a leap year, February of that year had only twenty-eight days.

told to stop bothering and pestering the staff members of his non-life-threatening concerns until they could and would figure out the diagnosis from [his] x-rays, MRIs, etc." (D.E. 1 at PageID 4.) Approximately a month later, Farrow was taken to a different outside medical clinic, where a Dr. John Arnold advised that he was in "dire need" of "immediate[] surgery." (*Id.*) At that time, Plaintiff felt his shoulder "shifting" and suffered from temporary loss of feeling, pain, fatigue, and emotional distress. (*Id.* at PageID 5.) Subsequently, Farrow underwent x-rays and an MRI at a local hospital. During this visit, there was "talk" of surgery (*id.*), but apparently no surgical procedure was ever performed. The alleged failure of the GCCC to properly attend to his medical needs, Farrow contends, violated his constitutional rights.

Courts are required to screen prisoner complaints and dismiss a complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). To assess whether the complaint states a claim on which relief may be granted, the courts are to apply the pleadings standards under Federal Rule of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "To survive scrutiny under [§§ 1915(e)(2)(B) and 1915A(b)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Walton v. Gray*, 695 F. App'x 144, 145 (6th Cir. 2017) (per curiam) (quoting *Hill*, 630 F.3d at 471) (internal quotation marks omitted). "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). That said, courts have not "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th

Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

The Court assumes the instant action was filed pursuant to 42 U.S.C. § 1983, which provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). To state a claim under the statute, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018) (quoting *Heyne v. Metro. Nashville Pub. Sch.*, 665 F.3d 556, 562 (6th Cir. 2011)).

The Court begins its analysis by noting that the claim against GCCC is, and therefore will be construed as, a suit against the municipality or local government it serves, that is, Gibson County (the "County"). *See Beverly v. Gibson Cty.*, No. 17-1184-JDT-cgc, 2018 WL 3866592, at *3 (W.D. Tenn. Aug. 14, 2018) (finding that § 1983 suit against Gibson County Correctional Complex was a claim against Gibson County itself); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police department is not an entity which may be sued; rather, the local government it serves is the proper party to which claims under § 1983 should be directed). Although Farrow does not cite to any specific constitutional provision, his allegations implicate the Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The amendment is applied to deprivations suffered during incarceration,

including deliberate indifference to an inmate's serious medical needs. *Rhinehart v. Scutt*, 894 F.3d 721, 736 (6th Cir. 2018).

However, simply alleging an Eighth Amendment violation is not enough to impose liability on the County. While a municipality can be held liable for constitutional violations for which it bears responsibility, "[t]he scope of that responsibility does not include *respondeat superior* liability: a municipality is liable only for its own wrongdoing, not the wrongdoings of its employees." *Morgan v. Fairfield Cty., Ohio*, 903 F.3d 553, 565 (6th Cir. 2018), *reh'g denied* (Sept. 25, 2018). "A plaintiff may seek damages against a municipality where the municipality has a custom, policy, or practice that resulted in deprivation of the plaintiff's constitutional rights." *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 698 (6th Cir. 2018), *reh'g en banc denied* (Oct. 11, 2018). The municipality's acts may arise from "(1) [its] legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations." *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018), *reh'g en banc denied* (July 31, 2018).

Farrow's complaint failed to aver "a single fact that suggests, plausibly or otherwise," that the constitutional violation alleged was the result of a custom, policy, or practice of the County. *See Brent*, 901 F.3d at 698. Absent such facts, the complaint fails to state a claim against the County upon which relief may be granted and must be DISMISSED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court CERTIFIES that an appeal would not be taken in good faith.

Additionally, the Court must address the assessment of the $505 appellate filing fee should Farrow nevertheless appeal the dismissal of this matter. Certifying that an appeal would

4

not be taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997) (setting out specific procedures for implementing the PLRA, § 1915(a)-(b)), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Accordingly, if Plaintiff wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures articulated in *McGore* and the PLRA, which require filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of any future filings by Farrow, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015).

The Clerk of Court is DIRECTED to prepare a judgment.

IT IS SO ORDERED this 18th day of October 2018.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE